# District of Columbia
# Office of the State Superintendent of Education
## Office of Dispute Resolution
1050 - First Street, N.E.; Washington, D.C. 20002
(202) 698-3819  www.osse.dc.gov

## Confidential

| | | |
|---|---|---|
| PARENTS, on behalf of STUDENT[1] | ) | Case No. 2020-0053 |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Date Issued: April 3, 2020 |
| | ) | |
| | ) | |
| SCHOOL A | ) | |
| | ) | Terry Michael Banks, |
| Respondent. | ) | Hearing Officer |

**FINAL DECISION AND ORDER ON PETITIONER'S MOTION FOR DEFAULT JUDGMENT AND/OR MOTION TO BAR DCPS FROM PRESENTING ANY DEFENSES IN THIS MATTER**

### INTRODUCTION

Petitioners are the parents of an X-year-old student ("Student") attending School A. On February 19, 2020, Petitioners filed a due process complaint ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") denied Student a free appropriate public education ("FAPE") by failing to fund independent evaluations upon request, and failing to evaluate Student in all areas of suspected disability. On March 19, 2020, upon DCPS' failure to file a timely response to the *Complaint*, Petitioner filed a *Motion for Default Judgment and/or Motion to Bar DCPS From Presenting Any Defenses in This Matter* ("*Motion*"). On March 20, 2020, DCPS filed *District of Columbia Public Schools' Response to Parent's Administrative Due Process Complaint* ("*Response*"). The *Response* asserted that Student has been appropriately evaluated during the relevant time period and had progressed or mastered on Student's Individualized Education Program ("IEP") goals.

On March 25, 2020, DCPS filed *District of Columbia Public Schools' Opposition to Petitioner's Motion for Default for Petitioner's Administrative Due Process Complaint* ("*Opposition*"). Respondent asserted that it had not failed to comply with any applicable law relating to Student's FAPE. DCPS also argued that under IDEA, a response to a

---

[1] Personal identification information is provided in the Appendix.

Case No. 2020-0053
April 3, 2020

compliant is not required if the allegations have previously been addressed in a prior written notice. On March 26, 2020, Petitioners filed *Petitioner's Reply to Respondent's Opposition to Petitioner's Motion for Default Judgment and/or Motion to Bar DCPS from Presenting any Defenses in this Matter*. Petitioners asserted that in its *Opposition*, DCPS did not address the central allegations in the *Complaint*.

## SUBJECT MATTER JURISDICTION

Subject matter jurisdiction is conferred pursuant to the Individuals with Disabilities Education Act ("IDEA"),[2] the implementing regulations for IDEA,[3] Title V, Chapter E-30 of the District of Columbia Municipal Regulations ("D.C.M.R."), and The District of Columbia Special Education Student Rights Act of 2014 ("Act").[4]

## STATEMENT OF FACTS

1. Student is X-years-old and attends School A.[5]

2. On February 19, 2020, Petitioners filed the *Complaint*, alleging that DCPS denied Student a FAPE by failing to fund independent evaluations upon request, and failing to evaluate the student in all areas of suspected disability.[6] Specifically, the *Complaint* alleged as follows:

> Petitioner requested updated educational, speech and language, occupational therapy, and physical therapy evaluations in October 2019. DCPS performed only an occupational therapy evaluation. In October 2019, DCPS denied Petitioners' request for a comprehensive psychological evaluation and for funding for an independent evaluation. In November 2019, Petitioner A informed DCPS that she rejected the DCPS occupational therapy evaluation and requested that DCPS fund an independent evaluation. Petitioner renewed the request for an independent occupational therapy evaluation on January 23, 2020. On February 11, 2020, LEA Representative A confirmed that DCPS would not fund an independent examination for Student.[7]

For relief, Petitioner requested DCPS funding for independent psychological and occupational therapy evaluations.[8]

---

[2] 20 U.S.C. §14000 *et seq.*
[3] 34 C.F.R. Part 300.
[4] D.C. Code § 38-2571.03(5) (2015).
[5] *Complaint* at 1.
[6] *Id.* at 1-2.
[7] *Complaint* at 1.
[8] *Id.* at 2.

3. On March 20, 2020, DCPS filed its *Response* to the *Complaint*. The *Response* asserted that Student has been appropriately evaluated during the relevant time period and had progressed on or mastered Student's IEP goals.

## CONCLUSIONS OF LAW

IDEA requires that upon receipt of a due process complaint, the local educational agency ("LEA") must file a detailed response within ten days, unless the LEA has previously sent the Petitioner a prior written notice ("PWN") "regarding the subject matter contained in the parent's due process notice."[9] The response must be more expansive than general denials of the allegations in the complaint. Rather, IDEA requires specificity as to the LEA's position as to those allegations. The response must include:

> (aa) an explanation of why the agency proposed or refused to take the action raised in the complaint;
> (bb) a description of other options that the IEP Team considered and the reasons why those options were rejected;
> (cc) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action; and
> (dd) a description of the factors that are relevant to the agency's proposal or refusal.

In *Massey v. District of Columbia*,[10] the District Court held that if the LEA relies on a prior written notice as its response, that prior written notice must address the four factors set forth above.

Here, the *Complaint* alleges, *inter alia*, that DCPS denied Petitioners' request for a comprehensive psychological evaluation and for funding for independent occupational therapy and comprehensive psychological evaluations. DCPS did not respond to the *Complaint* within ten days of its receipt. DCPS did not file its response until March 20, 2020, the day after Petitioner's default motion, and thirty days after the Complaint was filed.

IDEA regulations require LEAs to evaluate students in all areas of suspected disability[11] and to conduct triennial evaluations of students found eligible for services.[12] The regulations also authorize parents to request reevaluations one year after a previous evaluation.[13] In its belated *Response*, DCPS did not specifically address the allegation that it denied Petitioners' request for a comprehensive psychological evaluation. Rather, DCPS stated, "In November 2019, the student was again comprehensively and completely evaluated in areas of concern."[14] This general statement neither confirms nor denies that a comprehensive psychological evaluation was conducted. If it was not conducted, DCPS did not provide any reason for failing to conduct it as required by 20 U.S.C. §1415(c)(2)(B)(i)(I) (aa) and 34 C.F.R. §300.508(e)(1)(i).

---

[9] 20 U.S.C. §1415(c)(2)(B)(i)(I). *See* also, 34 C.F.R. §300.508(e)(1).
[10] 400 F.Supp.2d 66 (D.D.C. 2005).
[11] 34 C.F.R. §300.304(c)(4).
[12] 34 C.F.R. §300.303.
[13] 34 C.F.R. §300.303(a)(2) and (b)(2).
[14] *Response* at 2.

DCPS' *Response* also made no reference to the allegations in the *Complaint* that School A had denied Petitioners' requests for independent occupational therapy and comprehensive psychological evaluations. With respect to the allegation that Petitioner A rejected DCPS' occupational therapy evaluation and requested an independent evaluation, the regulations offer DCPS two options. It must either file a due process complaint against the parent to establish the appropriateness of its evaluation, or authorize the funding of an independent evaluation.[15] Thus, DCPS failed to address the allegation of the request of an independent occupational therapy evaluation in its *Response*, and failed to exercise either option offered in the regulations in the event an independent evaluation is requested under these circumstances.

On March 25, 2020, DCPS filed its *Opposition* to the default *Motion*. Respondent did not allege that it did not receive the *Complaint*, and offered no explanation for failing to file a timely response. DCPS asserted that a default judgment would be unjustified because it "has not failed in compliance with any applicable law relating to the student's FAPE," because Student was "comprehensively and completely evaluated in areas of concern" in November 2019, Student made has made progress and mastered IEP goals, and Petitioners "agreed with the disability determination and programming."

DCPS also noted that a response to a complaint is required only if the allegations had not been addressed in a prior written notice. DCPS then cited "attached communications" to the *Opposition* to support the argument that Petitioner A has been "well informed regarding requirements of the LEA and SEA under IDEA, and how she can go about finding that information, and her rights." DCPS then argued that "a Response was nearly redundant" because Petitioner A already had all of the information in the *Response*, and Petitioner A was a lawyer and "not lacking by way of information or knowledge for appropriate parental participation in either due process or her child's FAPE determinations."

The "attached communications" included 160 pages of OSSE and DCPS materials including the District of Columbia IDEA Part B Notice of Procedural Safeguards (OSSE 2018),[16] 25 pages of email exchanges that predated the evaluation requests that are the subject of the *Complaint*,[17] a *DCPS Parent Guide to Independent Services*,[18] a November 8, 2018 PWN related to 2018 evaluations, December 18, 2018 and November 13, 2019 PWNs establishing Student's eligibility for services in the area of Speech or Language Impairment,[19] a May 13, 2019 PWN initiating special education services,[20] May 13, 2019 and November 14, 2019 PWNs noting the development of an Individualized Education Program ("IEP"),[21] a November 13, 2019 PWN noting that "The LEA determined that no further testing was needed in the area of occupational therapy,"[22] and a January 30, 2020

---

[15] 34 C.F.R. §300.502(b)(2).
[16] *Opposition*, Attachment at 6-46.
[17] *Id.* at 47-72.
[18] *Id.* at 85-136.
[19] *Id.* at 148 and 156.
[20] *Id.* at 150.
[21] *Id.* at 152 and 157.
[22] *Id.* at 154.

PWN noting an amendment to the IEP related to speech services.23 Only the November 13, 2019 PWN is relevant to this dispute. However, while that PWN indicated DCPS that no further occupational therapy testing was necessary, the fact that DCPS declined further occupational therapy testing is not in dispute. With respect to this issue, the only question is whether DCPS authorized an independent evaluation or initiated a due process proceeding. There is no PWN related to an independent evaluation, and DCPS did not file a due process complaint.

The "attached communications" also included an exchange of emails in early February 2019, in which Petitioner inquired about a response to her request for independent examinations ("IEE"). DCPS proposed to convene a meeting to determine "which assessments are necessary."24 However, on February 6, 2020, Petitioner A declined to attend a meeting concerning her IEE request, because "It is my clear understanding that when an IEE request is denied DCPS is required to file for due process. Scheduling a meeting to discuss the IEE request more than a month after the request is not a substitute."25

The attachments also included correspondence relating the Resolution Session Meeting that was conducted on March 9, 2020. These include emails,26 meeting notes,27 and proposed PWNs in which DCPS proposed to conduct occupational therapy and comprehensive psychological evaluations.28 "This follows parental request for an independent comprehensive psychological and independent occupational therapy which DCPS is refusing."29 The parties did not reach the settlement proposed by DCPS.

Prior to the filing of the *Complaint*, DCPS issued no prior written notice relating to Petitioners' requests for IEEs, and the *Response* ignored the allegations in the *Complaint* that School A had denied Petitioners' requests for independent occupational therapy and comprehensive psychological evaluations. DCPS' *Response* also did not address the allegation that it did not respond to Petitioners' request for authorization for an independent occupational therapy examination upon their rejection of DCPS' examination. By regulation, DCPS had but two options: initiate a due process proceeding to demonstrate the appropriateness of their evaluation or authorize an independent evaluation. It did neither.

In *Massey*, the court ruled that a prior written notice is an appropriate alternative to a response to the complaint only if the PWN precedes the due process complaint.

> DCPS might have intended that the October 14 Prior Notice satisfies the statute because, if it had been sent prior to receipt of the hearing request, no new written response to the hearing request would have been necessary.

---

23 *Id*. at 159.
24 *Id*. at 75.
25 *Id*. at 73.
26 *Id*. at. 137-139.
27 *Id*. at 140 -143.
28 *Id*. at 80, 82, 160 and 162.
29 *Id*. at 160.

5

> Since the October 14 Prior Notice was, in fact, sent after receipt of the hearing request, it is difficult to see the merit in this argument.[30]

Thus, the PWNs proposed by DCPS at the Resolution Meeting as an offer of settlement are not relevant to the issues in dispute. The *Massey* court also stressed the importance of enforcing the requirement of specificity in responses to due process complaints:

> … [t]he IDEA does not allow DCPS to respond generally to the substance of the complaint in whatever form it deems appropriate. On the contrary, Congress' delineation of the four requirements makes clear that general responses are not acceptable. DCPS also implied at the October 18 Hearing that any failure to conform to the statute was a mere technical oversight. It is technical compliance with the law, however, that gives parents faith that their concerns will be addressed in accordance with Congress' intent. Many of the procedural safeguards in the IDEA are extremely technical, spelling out particular deadlines and required content. This kind of detail embodies the purpose of a statute prescribing administrative—*i.e.,* procedural—remedies. Does DCPS mean to imply that it is permitted to violate the IDEA as long as the ways in which it does so are minor? This Court has not been directed to any evidence that Congress intended an exemption for "close enough."[31]

Based on the foregoing, I conclude that a default judgment is warranted. DCPS filed its *Response* three weeks late, and when it filed, its analysis did not address the central allegations in the *Complaint*. Pursuant to 34 C.F.R. §300.502(b)(2), Petitioners are already entitled to funding for an independent occupational therapy evaluation. Having failed to address the request for a comprehensive psychological evaluation in its *Response*, any sanction for that failure would result in the Petitioners prevailing on that issue as well.

---

[30] 400 F.Supp.2d. at 73.
[31] *Id*. at 72-73, citing *Blackman v. District of Columbia*, 277 F.Supp. 2d 71, 78 (D.D.C. 2003).

## ORDER

Therefore, upon consideration of Petitioners' *Motion for Default Judgment and/or Motion to Bar DCPS From Presenting Any Defenses in This Matter*, *District of Columbia Public Schools' Response to Parent's Administrative Due Process Complaint*, and *District of Columbia Public Schools' Opposition to Petitioner's Motion for Default for Petitioner's Administrative Due Process,*

**IT IS ORDERED** that Petitioners' *Motion* is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Respondent shall authorize Petitioners to obtain independent occupational therapy and comprehensive psychological evaluations to be funded by Respondent.

*Terry Michael Banks*
Terry Michael Banks
Hearing Officer

## NOTICE OF RIGHT TO APPEAL

This is the final administrative decision in this matter. Any party aggrieved by this Final Decision and Order may bring a civil action in any state court of competent jurisdiction or in a District Court of the United States without regard to the amount in controversy within ninety (90) days from the date of the Final Decision and Order in accordance with 20 U.S.C. §1415 (i).

Date:   April 3, 2020

Copies to:

Petitioner's Representative
Respondent's Representative
OSSE Office of Specialized Education (dueprocess@dc.gov)
Office of Dispute Resolution (hearing.office@dc.gov)
Nicholas.Weiler@dc.gov
Josh.Wayne@k12.dc.gov